IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SANTANA WYGANT,**

    **Petitioner,**

**v.** // **CIVIL ACTION NO. 1:12CV163**
                                  **(Judge Keeley)**
                                  Criminal No. 1:08-cr-78-26
**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING REPORT AND RECOMMENDATION

On October 22, 2012, the pro se petitioner, Santana Wygant ("Wygant"), filed a petition for habeas corpus pursuant to 28 U.S.C. § 2255. (Dkt. No. 1). The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2. Upon a preliminary review of the petition, Magistrate Judge Kaull found that it was time-barred on its face, having been filed more than two years after the one-year statute of limitations had expired. See 28 U.S.C. § 2255(f)(1). Accordingly, the magistrate judge issued a Hill v. Braxton[1] notice to Wygant on November 15, 2012, advising him that his case would be dismissed unless he demonstrated within twenty-one (21) days that his motion was timely. (Dkt. No. 6). Wygant filed a response on November 30, 2012, arguing generally that he should be allowed to proceed because his counsel was ineffective at his sentencing. (Dkt. No. 8).

---

[1] 277 F.3d 701, 707 (4th Cir. 2002).

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On May 21, 2013, Magistrate Judge Kaull issued an Opinion and Report and Recommendation ("R&R"), in which he recommended that Wygant's petition be denied as untimely. (Dkt. No. 9). He determined that Wygant had failed to provide any grounds for equitable tolling of the limitations period or, indeed, any explanation whatsoever for his delay. Wygant filed objections to the R&R on June 11, 2013, in which he once again argued generally that his counsel was ineffective with respect to his guilty plea and sentencing. (Dkt. No. 12). His objections consist primarily of explanations of the various legal principles attendant to ineffective assistance of counsel claims and do not address any of the timeliness concerns raised in the Hill v. Braxton notice and the R&R.

The statute of limitations for Wygant's petition expired on September 30, 2010, one year after his judgment of conviction became final. 28 U.S.C. § 2255(f)(1); see Clay v. United States, 537 U.S. 522, 525 (2003). He did not file the instant petition until October 22, 2012. Upon de novo review of the issues raised, the Court agrees with the magistrate judge that Wygant has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely. Consequently, the Court:

1.  **ADOPTS** the R&R in its entirety (dkt. no. 9);

2. **DENIES** the instant § 2255 petition as untimely (dkt. no. 1); and

3. **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's docket.

Further, finding no issue of constitutional merit upon which reasonable jurists might differ, the Court **DENIES** a certificate of appealability in this matter. See Rule 11(a), Rules Governing Section 2254 and 2255 Cases.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of the Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: July 30, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE